## WALTERS *v.* McBEE.

1. PROMISSORY NOTES. *Payment on resumption. Election to take currency.* Where a note was made payable on a certain day in specie, but with a clause in it that the promise to pay was on the condition that the banks of Tennessee had resumed specie payments on the day fixed, and if they had not, then it should be payable whenever they did resume: *Held,* that the condition only referred to the promise to pay in specie, and that the payee could waive payment in specie and recover currency without waiting for said banks to resume.

2. SAME. *Statute of limitations.* Nor does it follow from the construction that the note was due at a day certain, so as to make the statute of limitation run,—this depending upon the waiver of the holder, and the payee having insisted the note was not due because of the condition.

FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge. H. C. SMITH, Ch.

TILLMAN & COOPER for complainant.

HENDERSON & JOUROLMAN for defendant.

MCFARLAND, J., delivered the opinion of the court.

This is a bill filed to assert and enforce a vendor's lien upon a tract of land for an alleged balance of purchase money. Complainant sold and conveyed to the defendant a tract of land, and in addition to making and securing other payments, the defendant executed the following peculiar paper:

"$250. On or before the first day of January, 1865, I promise to pay John S. Walters two hundred and fifty dollars in gold or silver, with interest from the 1st of January, 1863. This promise to pay is on the condition that the banks of Tennessee have resumed specie payment at that time, if not, as soon thereafter as they do resume specie payment, for value received: Witness my hand and seal.
"March 19, 1862.          J. M. McBee. [Seal.]"

The position taken by the defendant in his answer, and by his counsel in argument, is that the promise to pay this sum of money is made dependent upon the performance or happening of a condition precedent, to-wit, the resumption of specie payment by the banks of Tennessee, and as it is conceded that this has not happened, the obligation is not payable. We do not controvert the authorities referred to, holding the proposition that contracts made dependent upon the performance of conditions cannot be enforced until it be shown that the condition has been performed, even though the condition is to be performed by a third party, and even though it appears to be a great hard-

ship to hold the parties to such terms. Nor do we care to discuss the exceptions to this rule.

It is the duty of the court to arrive at the real intention and meaning of the parties, and we will not readily yield to a construction that results in palpable absurdity and manifest injustice. At the date of this transaction, March, 1862, the civil war was in progress, and the banks of this and other Southern States had suspended specie payments, and specie had disappeared or was rapidly disappearing from circulation, and it very naturally occurred to the parties that on the 1st of January, 1865, it might be difficult, if not impossible, to obtain gold and silver. Hence the qualification was annexed, evidently meaning that the promise to *pay in gold and silver* was upon the condition the banks resumed specie payment by that time, or if gold and silver be insisted upon, the promise was to pay as soon thereafter as the banks resumed. We cannot suppose the complainant's mind ever assented to the proposition, that if the banks never resumed specie payments he was never to receive anything for this part of the price of his land, or if, by accident or other cause, specie payment was indefinitely postponed, the payment of his debt should be so too.

The complainant is not entitled to gold and silver by his contract, but this part of the stipulation, being in his favor, may be waived by him, which he has done. We suppose that had he chosen to wait and take the chances of a specie resumption, he might have done so and then demanded gold and silver;

but it is not for the defendant to insist upon the gold and silver stipulation as the means of postponing the payment indefinitely, or perhaps altogether.

The next position taken on behalf of the defendant is, that if the note was due on the 1st of January, 1865, it was barred by the statute of limitations before the bill was filed. Complainant and defendant had several interviews about the note. The defendant always expressed his purpose and willingness to pay the note, but in the later interview insisted that it was not due. Upon these facts, and in view of the peculiar terms of the obligation, which, at the option of the complainant, postponed the day of payment until he chose to waive payment in gold and silver, we hold that the claim is not barred

Decree affirmed.